EL PUEBLO, DEMANDANTE Y APELADO, *v.* VARGAS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por infracción a la Ley de Automóviles.

No. 1901.—Resuelto en mayo 18, 1922.

AUTOMÓVILES—LUCES NOCTURNAS.—Siendo el propósito de la ley al ordenar que los automóviles que se dejen parados de noche en las calles, callejones o caminos, sean dotados de luces, el evitar accidentes; tal propósito queda cumplido cuando como en este caso si bien no se encendieron las luces del mismo automóvil, en el sitio donde se dejó parado había luz bastante para hacerlo visible en todas direcciones.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. B. Forés.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Se acusó a Eugenio Vargas de una infracción a la Ley de Automóviles consistente en haber dejado parado, a las diez de la noche del 22 de septiembre de 1921, en la calle "Carbonell" de Cabo Rojo, P. R., un auto sin luz. Se probó la acusación, pero se alega que el hecho imputado y probado no es constitutivo de infracción alguna.

El artículo 8 de la Ley No 75 de 1916 dispone que "después de la puesta del sol no se dejará ningún automóvil en un camino público sin dotarlo de luces suficientes, visibles en todas direcciones, para evitar peligros a las personas que usaren dicho camino." Y la misma ley, en su artículo 1, prescribe que "camino público significará cualquier camino, insular o municipal, o cualquier calle o callejón de cualquier municipio." Véase la versión inglesa de la ley.

El apelante admite que la que acabamos de citar es la única ley aplicable, pero sostiene que dicha ley no comprende el caso de dejar un automóvil en una calle perfectamente iluminada, ya que entonces no existe el peligro que se trató de evitar por la ley. Y sostiene además el apelante que la prueba demostró que la calle "Carbonell" en la noche de que se trata, estaba iluminada con luz eléctrica suficiente.

Creemos que tiene razón el apelante. La ley no sólo ordenó que se tomara determinada medida, sino que expuso la razón que se tuvo para ello. Lo natural es que desde el mismo automóvil parta la luz a fin de que todas las personas se den cuenta de que está allí, en la calle o camino. Pero si desde otro sitio irradia luz bastante para hacer visible el automóvil en todas direcciones, entonces el propósito de la ley queda cumplido y no se comete infracción alguna.

En el presente caso uno de los testigos de cargo, el policía López Barreto declaró "que el auto estaba parado cerca del cine 'Libertad': que en la citada calle hay luz eléctrica pero las bombillas son pequeñas y estaba alumbrada la calle con esa luz: que le dijo al acusado que encendiera las luces y que desde muy lejos vió el automóvil apagado."

A virtud de todo lo expuesto, debe declararse con lugar el recurso, revocarse la sentencia apelada y absolverse al acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.