NEFTALÍ TORO LUGO ET AL. II, demandantes y recurridos, *v.* MIGUEL A. ORTIZ MARTÍNEZ ET AL., demandados y recurrentes.

*Número:* R-82-147      *Resuelto:* 28 de mayo de 1982

*Vicente Santori Coll,* abogado de los recurrentes; *José A. Pérez Ferrari,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Entre 3:00 y 3:30 de la madrugada del 22 noviembre, 1973 el demandante que salía de su trabajo como cantinero conduciendo su automóvil Pontiac por la Avenida Fidalgo Díaz, donde había alumbrado público, hubo de desviarse de su carril hacia la derecha para eludir un vehículo[1] que se aproximaba en dirección opuesta, y en la maniobra se

---

[1] El juez sentenciador en sus determinaciones acepta esa versión del accidente —a pesar de que el demandante en el juicio civil negó la presencia de un tercer vehículo— por ser la teoría ofrecida por el actor tanto en una deposición como en su testimonio en el juicio criminal por conducir negligentemente (Sec. 5-201 Ley de Tránsito) en el que fue convicto, y cuyo resultado declaramos admi-

estrelló contra un *trailer* estacionado correctamente y visible. No obstante el Tribunal Superior halló al dueño del camión incurso en 25% de negligencia y le condenó a pagar $43,052.52 al demandante.

La parte demandada recurrió en revisión el 14 abril, 1982 y visto el escrito de oposición del recurrido, resolvemos con la prontitud provista en la Regla 50 del Reglamento del Tribunal.

La sentencia revisada no puede prevalecer. La cuestionada falta de luces en el vehículo estacionado no es signo de negligencia al darse en una amplia avenida con alumbrado público. *Cf. El Pueblo* v. *Vargas*, 30 D.P.R. 513 (1922). Y aun entrando en grados de iluminación el caso se gobernaría por la norma de que la culpa del demandante absorbe totalmente la del demandado por la evidente desproporción entre culpas.(2) Mas esta acción de daños encuentra su solución definitiva en la aplicación del principio de causa eficiente, la que por sí sola determinó las consecuencias lesivas por las que se pide resarcimiento. *Vda. de Delgado* v. *Boston Ins. Co.*, 99 D.P.R. 714 (1971); *Muñoz* v. *R. Fabián & Co.*, 71 D.P.R. 485 (1950). Es patente e inevitable la conclusión de que la desviación del conductor demandante —disfrutando de la visibilidad provista no sólo por el alumbrado de la avenida, sino por sus propias luces— hacia el camión estacionado, constituyó la causa única, eficiente y productora del daño. *Cf. Valle* v. *Amer. Inter. Ins. Co.*, 108 D.P.R. 692, 697 (1979); *Jiménez* v. *Pelegrina Espinet*, 112 D.P.R. 700 (1982).

*Se expedirá el auto, y se dictará sentencia de conformidad.*

El Juez Asociado Señor Irizarry Yunqué concurre en el resultado sin opinión.

---

sible como evidencia prima facie de negligencia en el caso civil. Ver *Toro Lugo* v. *Ortiz Martínez*, 105 D.P.R. 229 (1976).

(2) Regla enunciada en Mazeaud & Tunc, *Tratado Teórico y Práctico de la Responsabilidad Civil*, Ed. Buenos Aires, 1963, T. 2, Vol. 2, págs. 75–76.