ROSARIO MORALES VDA. DE ZAYAS y OTROS, demandantes y recurrentes, *v.* PEPSI COLA BOTTLING CO. DE PUERTO RICO INC., AUTORIDAD DE LAS NAVIERAS DE PUERTO RICO, AMERICAN INTERNATIONAL INS. CO. OF PUERTO RICO, y THE TRAVELERS INS. CO., demandadas y recurridas.

*Número:* R-83-387      *Resuelto:* 9 de noviembre de 1983

*Pedro Morell Corrada,* abogado de los recurrentes; *Iván M. Fernández,* de *Falcón & Fernández,* abogado de la recurrida Pepsi Cola Bottling Co.; *Amancio Arias Guardiola,* abogado de las recurridas Autoridad de las Navieras de Puerto Rico y The Travelers Insurance Company; *Carlos Martínez Texidor,* abogado de la recurrida American International Insurance Co.

## SENTENCIA

Concedimos a las demandadas recurridas término para que comparecieran a mostrar causa por la cual no deberíamos expedir el auto, revocar la sentencia desestimatoria y en su lugar ordenar la continuación de los procedimientos. Resolvemos.

## I

Conforme los hechos adjudicados por el tribunal, surge que el 9 de octubre, como a las 5:30 A.M., un Volkswagen conducido por Pablo Zayas en compañía de su cuñado Ángel Morales, impactó por la parte trasera un furgón que se encontraba estacionado en el carril derecho de una avenida. Zayas falleció y Morales sufrió graves daños físicos. El furgón estaba estacionado en la avenida Simón Madera, área industrial, en un lugar prohibido. No tenía refractores de luz, luces o señales que advirtieran su presencia.

Los familiares de Zayas y Morales demandaron a la propietaria del furgón, Navieras de Puerto Rico, su aseguradora Travelers Ins. Co., la Pepsi Cola Bottling Co. de P.R.

—que utilizaba el furgón— y a Gustavo Fernández Trucking, Inc. y su aseguradora, American International Ins. Co. Se desistió en cuanto a estas últimas dos.

En la vista, luego de que los demandantes presentaran su prueba, las demandadas pidieron la desestimación bajo la Regla 39.2(c) de Procedimiento Civil. El tribunal accedió a base de que: no había neblina y estaba comenzando a amanecer cuando ocurrió el accidente, era rutinario que los furgones estuvieran estacionados a lo largo de la avenida, Zayas y Morales utilizaban esa ruta alrededor de 3 veces por semana para ir al trabajo, las luces del Volkswagen estaban encendidas, había alumbrado en la avenida, el furgón era grande y sus dimensiones —35 pies de largo, 8 de ancho y 11 de alto— lo hacían visible. Concluyó que Zayas no vio el furgón y se le metió debajo.

## II

En una moción de desestimación el tribunal puede aquilatar la prueba presentada por la parte demandante y hacer determinaciones de hecho según la credibilidad de dicha prueba. *Colombani* v. *Gob. Municipal de Bayamón*, 100 D.P.R. 120, 121-122 (1971); *Irizarry* v. *A.F.F.*, 93 D.P.R. 416 (1966). La facultad de declarar con lugar una moción de desestimación debe estar precedida de un escrutinio cuidadoso y sereno de la prueba. Si hay duda es preferible que el demandado presente su caso. *Colombani* v. *Gob. Municipal de Bayamón*, supra, pág. 122; *Irizarry* v. *A.F.F.*, supra, pág. 421.

En el caso de autos el tribunal de instancia erró al declarar con lugar dicha moción. Aunque ciertamente los hechos expuestos reflejan que Zayas fue negligente, ello no excluye la posibilidad de negligencia comparada. Las demandadas pudieron serlo al estacionar ilegalmente el furgón sin advertencias. Además, como cuestión de derecho incidió dicho foro en el extremo de incorrectamente imputarle la negligencia del chofer —Zayas— al pasajero Mo-

rales sin cumplirse los requisitos exigidos en *Acosta* v. *Crespo,* 70 D.P.R. 239 (1949).

Se expide el auto y se dicta sentencia en que se revoca la del Tribunal Superior fechada 26 de julio de 1983. Se devuelve el caso para la continuación de los procedimientos compatibles con lo aquí expuesto.

Así lo pronunció y manda el Tribunal y certifica la señora Secretaria. El Juez Asociado Señor Rebollo López disiente con opinión.

> *(Fdo.)* Lady Alfonso de Cumpiano
> *Secretaria General*

—O—

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

El ser consistentes no es garantía de que resolvemos correctamente, pero, por lo menos, representa en nuestra función de impartir justicia tranquilidad de espíritu.

En *Toro Lugo* v. *Ortiz Martínez,* 113 D.P.R. 56, 57 (1982), expresamos, en lo pertinente, que:

> La sentencia revisada no puede prevalecer. La cuestionada falta de luces en el vehículo estacionado no es signo de negligencia al darse en una amplia avenida con alumbrado público. *Cf. Pueblo* v. *Vargas,* 30 D.P.R. 513 (1922). Y aun entrando en grados de iluminación el caso se gobernaría por la norma de que la culpa del demandante absorbe totalmente la del demandado por la evidente desproporción entre culpas. Mas esta acción de daños encuentra su solución definitiva en la aplicación del principio de causa eficiente, la que por sí sola determinó las consecuencias lesivas por las que se pide resarcimiento. *Vda. de Delgado* v. *Boston Ins. Co.,* 99 D.P.R. 714 (1971); *Muñoz* v. *R. Fabián & Co.,* 71 D.P.R. 485 (1950). Es patente e inevitable la conclusión de que la desviación del conductor demandante —disfrutando de la visibilidad provista no sólo por el alumbrado de la avenida, sino por sus propias luces— hacia el camión estacionado, constituyó la causa única, eficiente y productora del daño. *Cf. Valle* v. *Amer.*

*Inter. Ins. Co.*, 108 D.P.R. 692, 697 (1979); *Jiménez* v. *Pelegrina Espinet*, 112 D.P.R. 700 (1982).

Entiendo que el citado razonamiento es aplicable al presente caso por cuanto los hechos de ambos casos son prácticamente idénticos. Es por ello que disiento.