FRAY VALENTÍN NEGRÓN GARCÍA, demandante y recurrido, *v.* BENJAMÍN NORIEGA ORTIZ y OTRO, demandados y recurrentes.

*Número:* R-85-127    *Resuelto:* 26 de junio de 1986

Santiago R. Palmer y Jesús E. Palmer, de Palmer, abogados de los recurrentes; William E. Naveira, de Ortiz Toro, Ortiz Brunet & Naveira, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR PETER ORTIZ emitió la opinión del Tribunal.

El Tribunal Superior, Sala de Bayamón, declaró con lugar la demanda de daños y perjuicios en este caso y condenó a los demandados a pagar al demandante la suma total de $8,000, más las costas, gastos e intereses desde la radicación de la demanda. Concedió la suma de $2,000 para honorarios de abo-

gado. Dicha sentencia está basada en las siguientes determinaciones de hecho:

1. El día 19 de diciembre de 1981, alrededor de las 3:00 de la tarde, el demandante discurría por el Expreso de Diego de Este a Oeste en una motora marca Vespa de su propiedad.

2. Al llegar a la estación de peaje ubicada en el área de Buchanan, se detuvo en el segundo carril contado de derecha a izquierda. Le preguntó a un empleado de la Autoridad de Carreteras si podía continuar su marcha por la autopista. Éste le contestó en la afirmativa por lo que depositó 25 centavos y continuó en su motora en dirección a Manatí.

3. Segundos antes de su salida, el codemandado Benjamín Noriega Ortiz, había salido del tercer carril manejando un automóvil marca Honda, propiedad de su padre, el codemandado Benjamín Noriega.

4. En este momento, el codemandado Benjamín Noriega Ortiz, vio que su padre, el codemandado, Benjamín Noriega se encontraba parado cerca de su vehículo que estaba estacionado en el paseo de emergencia a la extrema derecha junto a la salida de la estación de peaje.

5. Los codemandados habían acordado por teléfono reunirse en aquel lugar y en aquella hora.

6. A muy poca distancia de la estación de peaje, súbitamente y sin tomar medida de precaución alguna, el codemandado Benjamín Noriega Ortiz desde el tercer carril de la autopista comenzó en su vehículo a cruzar de izquierda a derecha el segundo y el primer carril para estacionarse en el paseo de emergencia donde estaba su padre.

7. Este movimiento inesperado ocasionó que su vehículo impactara en el segundo carril la motora marca Vespa conducida por el demandante, Fray Valentín Negrón García, tirándolo en el pavimento y ocasionándole fractura de la muñeca del brazo derecho.

8. Debido a lo repentino del referido acto del codemandado, Benjamín Noriega Ortiz, el demandante, Fray Valentín Negrón García, no tuvo oportunidad alguna para tomar las medidas necesarias para evitar el accidente.

9. Existe un reglamento promulgado por la Autoridad de Carreteras aprobado en el año 1975, enmendado en los años

1976 y 1982, cuya sección 4.14 prohíbe a las motocicletas que transiten en las autopistas administradas por la Autoridad de Carreteras, a menos que las mismas cumplan con ciertos requisitos enumerados en el Reglamento a saber: (1) que el motor tenga un desplazamiento de caballaje de 325 centímetros cúbicos, (2) que las ruedas deben tener, por lo menos, una circunferencia de 16 pulgadas, (3) y que el peso neto de la motora debe ser de 300 libras o más.

10. El propósito de este reglamento es evitar que las motocicletas livianas, pequeñas y de poco poder sufran accidentes al ser descontroladas por las fuertes ráfagas de viento producidas por los vehículos pesados que discurren por el expreso a alta velocidad.

11. El accidente del presente caso no fue producido por las condiciones adversas a motocicletas pequeñas, livianas y de poco poder contempladas por el Reglamento, sino por la imprudencia y/o negligencia de la parte demandada, Benjamín Noriega Ortiz, al no tomar las medidas de precaución necesarias al cruzar con el vehículo propiedad de su padre los carriles del expreso.

El tribunal resolvió que no había relación causal entre la infracción al reglamento y la ocurrencia del accidente. Se apoyó en las decisiones de *Canales Velázquez* v. *Rosario Quiles*, 107 D.P.R. 757, 772 (1978); *Usera* v. *González*, 74 D.P.R. 487 (1953); *Pueblo* v. *Pereira*, 49 D.P.R. 891 (1936). Expedimos el auto de revisión solicitado por los demandados.

Los demandados-recurrentes reiteran su planteamiento de que debían haber sido eximidos de responsabilidad por el hecho de que el demandante había violado la Sec. 14-106(3), 9 L.P.R.A. sec. 1806(3), que prohíbe transitar por las autopistas de peaje a las "[m]otocicletas, excepto cuando tanto éstas como sus conductores estuvieren especialmente autorizados por el Secretario a transitar por las autopistas de peaje. Dicha autorización se concederá conforme a los requisitos y especificaciones que éste adopte por reglamento tomando en consideración el caballaje de fuerza, peso, estabilidad de la motora, diámetro de las ruedas, potencial de velocidad, destreza del

conductor y cualesquiera otros que a su juicio fueren necesarios para proteger la vida y la seguridad de los usuarios de la autopista". ([1])

■ No hay duda de que el demandante infringió la ley y el reglamento al transitar por la autopista sin que su motocicleta cumpliera con los requisitos fijados y sin tener el permiso especial que se provee. ([2]) Pero ello no exime de responsabilidad al que causó el daño.

■ Si la imprudencia del lesionado es la única causa próxima del accidente el demandado no viene obligado a responder por los daños sufridos. *Vda. de Vila* v. *Guerra Mondragón*, 107 D.P.R. 418 (1978). Cuando la defensa del demandado es que el perjudicado ha violado la ley de tránsito,

---

([1]) La sec. 1809 del Tít. 9, L.P.R.A., dispone que las infracciones a dicho subcapítulo y a los reglamentos para autopistas serán consideradas *como faltas administrativas.*

([2]) Secs. 4.14–4.15 del Reglamento que disponen:

"Sección 4.14—(1) Podrán transitar por las Autopistas de Peaje las motocicletas que cumplan con los siguientes requisitos y especificaciones:

"a) motor con capacidad de desplazamiento (cilindrada) de 325 centímetros cúbicos o más;

"b) ruedas con un aro de diámetro de 16 pulgadas o mayor;

"c) peso neto de 300 libras o más.

"El Secretario expedirá, al comienzo de cada año fiscal un distintivo identificando a la motocicleta y el hecho de que está autorizada a transitar por las Autopistas de Peaje. El distintivo deberá fijarse en la parte delantera de la motocicleta, de tal forma que pueda ser visible para el operador de las estaciones de cobro de peaje."

A su vez la Sec. 4.15 del Reglamento dispone, para operador de motocicleta:

"El operador de una motocicleta que transite por las Autopistas de Peaje deberá poseer un permiso especial expedido por el Secretario autorizándolo a operar las motocicletas que cumplan con los requisitos y especificaciones establecidas en este Reglamento. Deberá portar el mismo y mostrarlo a cualquier oficial de la Policía u oficial autorizado para regular y controlar el tránsito en las Autopistas de Peaje.

"No podrá solicitar el permiso especial requerido para las Autopistas de Peaje persona alguna que no posea una licencia de conducir expedida por el Secretario."

tiene que demostrar en los hechos particulares del caso y mediante prueba competente, la existencia o no de relación causal entre tal omisión y el daño sufrido. *Canales Velázquez* v. *Rosario Quiles*, supra. Específicamente hemos resuelto que el hecho de que un vehículo de motor no haya sido registrado o de que su conductor carezca de licencia requerida por ley, no implica responsabilidad de parte del dueño o del conductor cuando la omisión de inscribir el vehículo y de obtener licencia para manejarlo no tiene conexión causal con la lesión o el daño causado. *Pueblo* v. *Pereira*, supra, pág. 895. Reiteramos dicha norma.

◼ Es también de aplicación el principio de causa adecuada bajo el cual la causa es la condición que ordinariamente produce el daño, según la experiencia general. *Jiménez* v. *Pelegrina Espinet*, 112 D.P.R. 700 (1982). Fue la desviación del conductor demandado al cambiar de carril súbitamente y sin tomar las debidas medidas de precaución la causa productora del daño. Nada tuvo que ver en el accidente el hecho de que la motora del demandante no estuviera autorizada a transitar por la autopista y menos aún que no tuviera el permiso especial que otorga el Secretario de Transportación y Obras Públicas. (³)

Los recurrentes tratan de obviar los efectos de las anteriores doctrinas cuando argumentan que el conductor del automóvil no podía prever que en el peaje de la autopista estuviera transitando una motora sin estar debidamente autorizada. Dicha contención carece de méritos. Cabe preguntarse: Si el demandante hubiera tenido el permiso, ¿cuál sería la causa próxima del accidente? Bajo los hechos probados, forzoso es concluir que fue la del conductor demandado. *Cf.*

---

(³) Contrario a casos como el de *Usera* v. *González*, 74 D.P.R. 487 (1953), en que la falta de licencia fue un eslabón importante en la cadena de eventos que fueron la causa próxima del accidente ya que demostraba la impericia del conductor.

*Toro Lugo* v. *Ortiz Martínez,* 113 D.P.R. 56 (1982) ; *Valle* v. *Amer. Inter. Ins. Co.,* 108 D.P.R. 692, 697 (1979).

Rechazamos la otra contención de los recurrentes. Alegan que el demandante es responsable por haber asumido el riesgo de transitar por la autopista en una motora pequeña, pero olvidan que el tamaño de la motora nada tuvo que ver con la ocurrencia del accidente. Repetimos que la única causa fue la imprudencia y negligencia del recurrente Noriega Ortiz. El acto ilegal del demandante no fue factor contribuyente.

■ Tampoco hubo error al valorar los daños con excepción del error admitido por el recurrido de no rebajar la suma de $1,000 según la ley que crea la A.C.A.A., 9 L.P.R.A. sec. 2058(3) (b). No se aplica la reducción de $2,000 del subinciso (c) de dicha sección ya que el tribunal de instancia no concedió daños especiales.[4] No intervendremos con la discreción del tribunal al imponer honorarios de abogado.

*Se dictará sentencia que modifique la de instancia para rebajar la cuantía concedida a $7,000 y así modificada se confirmará la misma.*

---

[4] El inciso 3 de la Sec. 9 de la ley provee lo siguiente:

"Toda persona a quien un tribunal declare en una acción civil responsable de haber causado por negligencia lesiones por las cuales la víctima, sus sobrevivientes o cualquier otra persona tengan derecho a recibir beneficios o servicios médico-quirúrgicos y de hospitalización bajo este Capítulo, tendrá derecho a una reducción en la sentencia a ser impuesta por el tribunal hasta la cantidad indicada en esta sección.

"(a) En cada caso en que aplique esta sección el Tribunal deberá indicar separadamente el importe de la indemnización otorgada por daños debido a dolor y sufrimientos físicos y mentales y el importe de la indemnización otorgada por otras pérdidas.

"(b) La reducción aplicable a daños por sufrimientos físicos y mentales será de $1,000.

"(c) La reducción aplicable a daños y pérdidas por causas que no sean sufrimientos físicos y mentales será la suma de $2,000 ó el importe de los beneficios totales pagados por la Administración, si dicho importe fuera mayor de $2,000."

La Juez Asociada Señora Naveira de Rodón se inhibió. El Juez Asociado Señor Hernández Denton concurre en el resultado sin opinión escrita.