JOSEFINA COLOMBANI, ETC., demandantes y recurrentes, *v.* GOBIERNO MUNICIPAL DE BAYAMÓN, MANUEL CRUZ DENIS, INSURANCE COMPANY OF PUERTO RICO, demandados y recurridos.

*Número:* R-69-263    *Resuelto:* 1ro. de octubre de 1971

*Jaime Escanellas,* abogado de los recurrentes; *Vicente Santori Coll,* abogado de los recurridos.

PER CURIAM: El día 14 de mayo de 1965 un vehículo conducido por el demandante-recurrente Carlos J. Zayas intentó salir de la marquesina de una propiedad privada hacia la calle. En esos momentos una ambulancia propiedad del co-demandado, Municipio de Bayamón, transcurría frente a esa marquesina, por la izquierda, al evadir un camión que estaba estacionado a la derecha de esa calle que es solamente de dos carriles. Al encontrarse ambos vehículos se produjo una colisión que dio lugar a la reclamación del demandante.

La parte demandante presentó como único testigo al propio demandante. Luego de terminado su testimonio el demandado presentó una moción de desestimación bajo la Regla 39.2 de las de Procedimiento Civil. El tribunal la declaró con lugar y dictó sentencia desestimando la demanda. Concluyó el tribunal de instancia que el accidente se debió únicamente a la súbita aparición del automóvil del demandante al salir e interceptar el carril por donde discurría la ambulancia de la demandada.

Se señala como único error que erró el tribunal de instancia en la apreciación de la evidencia, especialmente considerando que se trataba de una moción de desestimación.

En una moción de desestimación bajo la Regla 39.2 de las de Procedimiento Civil, luego de presentada la prueba del demandante el tribunal está autorizado en esa etapa a aquilatar la prueba presentada y a formular su apreciación

de los hechos según la credibilidad que le haya merecido la evidencia. *Irizarry* v. *A.F.F.*, 93 D.P.R. 416 (1966). Pero esa facultad debe ejercitarse después de un escrutinio sereno y cuidadoso de la prueba y en caso de duda, es preferible requerir al demandado para que presente su caso. *Irizarry*, supra, pág. 421.

En *Torres* v. *A.F.F.*, 96 D.P.R. 648 (1968) distinguimos el caso de *Irizarry* al señalar que en éste la demandante no explicó cómo se produjo el daño, ni probó negligencia del demandado. El caso de autos, al igual que el de *Torres*, es distinguible del caso de *Irizarry*. En el de autos el demandante declaró que la ambulancia abandonó su carril derecho al evadir un camión estacionado y es en el carril izquierdo donde ocurre el accidente. No se mencionó la existencia de obstrucciones a la visibilidad por lo que, haciendo una inferencia favorable al demandante surge la duda de si la ambulancia había tomado las debidas precauciones.

■ La prueba presentada revela que el conductor de la ambulancia pudo haber incurrido en alguna negligencia, sin el demandante venir obligado a excluir toda otra posible causa del suceso y mucho menos en esa etapa de los procedimientos. Como dijimos en *Torres*, supra, pág. 661, el Tribunal debió de tomar en consideración el caso de *Murcelo* v. *H. I. Hettinger & Co.*, 92 D.P.R. 411 (1965) donde dijimos que el demandante no tiene que probar su caso con exactitud matemática mediante evidencia directa, ni de modo concluyente, ni que produzca un grado tan perfecto de convicción que no admite la posibilidad de prueba en contrario, pudiendo probar su caso con prueba indirecta.

■ El tribunal de instancia erró al desestimar la demanda en esa etapa de los procedimientos al concluir que el demandante había sido negligente ya que la prueba tendía a demostrar que en algún grado el demandado pudo haber sido negligente. La duda que surge del testimonio del deman-

dante requiere que aquél presente su caso, lo que dará al tribunal una visión más completa de los hechos envueltos. [1]

*Se revoca la sentencia del 22 de septiembre de 1969 y se devuelven los autos para que se continúen los procedimientos.*

El Juez Presidente, Señor Negrón Fernández, no intervino.

---

[1] Para un interesante estudio sobre la materia, véase Roscoe Steffen, *The Prima Facie Case in Non Jury Trials,* 27 U. Chi. L. Rev. 94 (1959).