TEXTO COMPLETO DE LA RESOLUCION
-I-
E1 peticionario, Dr. Roberto González, solicita la revisión de una resolución emitida el 15 de junio de 2000 por el Tribunal de Primera Instancia, Sala Superior de Ponce, en el procedimiento por daños y peijuicios por mala práctica de la medicina presentado contra el peticionario y las otras partes de epígrafe por los recurridos,
*563 Elba Cruz Maldonado y Alejandro Córdova.
Mediante el dictamen en cuestión, el Tribunal de Primera Instancia denegó una moción presentada por i ticionario en la que éste solicitaba la desestimación por la prueba ("nonsuit") de la demanda, al amparo de ¡ el peticionario en la que éste solicitaba la desestimación por la prueba ("nonsuit") de la demanda, al amparo de la Regla 39.2(c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2(c), por la omisión de los recurridos de presentar prueba pericial de negligencia en su contra. El Tribunal de Primera Instancia autorizó, además, la reapertura del desfile de prueba para permitir a los-recurridos la presentación de un testigotpericial previamente rechazado por el Tribunal.
Denegamos.
-II-
Según surge del recurso, los recurridos están casados entre sí y son residentes de Ponce. El peticionario Roberto González es doctor en medicina. Para la fecha de los hechos, el peticionario se desempeñaba en tal capacidad en el Hospital Santo Asilo de Damas de Ponce. '
El presente litigio tiene su origen en el tratamiento médico brindado a la recurrida, Sra. Elba Cruz Maldonado, por el peticionario y las otras partes de epígrafe, en Ponce, a finales de 1992. Para esa época, la recurrida había comparecido a la Sala de Emergencias del Hospital San Cristóbal en Ponce, porque estaba sangrando por la nariz. De allí fue referida al Hospital de Distrito de Ponce y luego al Hospital Santo Asilo de Damas, donde finalmente fue operada de la nariz por el peticionario, quien realizó un drenaje de un hematoma septal infectado que tenía la recurrida. La recurrida sufrió unas complicaciones con este procedimiento, las cuales requirieron de otras intervenciones por parte del peticionario.
Alegadamente, como consecuencia de su tratamiento, la Sra. Cruz sufrió una deformidad de su nariz.
Oportunamente, los recurridos presentaron una demanda contra el peticionario y las otras partes de epígrafe por mala práctica de la medicina, alegando que la deformidad en la nariz de la recurrida se había debido a la negligencia de los demandados y solicitando compensación por los daños ocasionados. El peticionario y los otros demandados contestaron la reclamación, negando las alegaciones.
Luego de otros incidentes, el 27 de abril de 2000, comenzó a dilucidarse la vista en su fondo del caso. Ese día, el perito anunciado por los recurridos -un médico generalista- no compareció, no habiendo sido citado, por lo que el Tribunal determino su exclusión, contrano a la solicitud de los recurridos de que se les brindara una nueva oportunidad de traerlo. Ante esta situación, al cierre de la prueba de los recurridos, el peticionario presentó una moción de desestimación, alegando que los recurridos no habían presentado prueba pericial sobre impericia. Las partes procedieron a argumentar sus posiciones.
El 15 de junio de 2000, mediante la resolución recurrida, el Tribunal de Primera Instancia denegó la moción de desestimación.
En su resolución, el Tribunal expresó que originalmente había dispuesto la exclusión del perito de los recurridos, toda vez que estimaba que por ser médico generalista carecía de las destrezas y el conocimiento para declarar sobre la operación de la recurrida. No obstante, luego de estudiar el punto, el Tribunal explicó que estaba reconsiderando dicha posición y que habría de permitir el testimonio en cuestión.
El Tribunal explicó que entendía que debía denegarse la moción de desestimación del peticionario.
Insatisfecho, éste recurrió ante este Tribunal.
-III-
En su recurso, el peticionario plantéa que erró el Tribunal al no acceder a su moción de desestimación y al *564 reconsiderar motu proprio su decisión anterior de excluir el perito de la parte recurrida.
La Regla 39.2 (c) de las de Procedimiento Civil dispone, en lo pertinente, que:

“Después que el demandante haya terminado la presentación de su prueba, el demandado, sin renunciar al derecho de ofrecer prueba en el caso de que la moción sea declarada sin lugar, podra solicitar la desestimación, fundándose en que bajo los hechos hasta ese momento probados y la ley, el demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra el demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada

El Tribunal Supremo de Puerto Rico ha aclarado que al considerar una moción bajo esta regla, el Tribunal de Primera Instancia goza de la facultad de aquilatar la prueba presentada por la parte demandante y de hacer las determinaciones de hechos de acuerdo a la credibilidad que dicha prueba le merezca. Rosselló Cruz v. García, 116 D.P.R. 511, 520 (1985); Vda. de Zayas v. Pepsi Cola, 114 D.P.R. 772, 773 (1983); Colombani v. Gob. Municipal de Bayamón, 100 D.P.R. 120, 121-122 (1971); Irizarry v. A.F.F., 93 D.P.R. 416, 421 (1966); véase, además, Romero Arroyo v. E.L.A., 139 D.P.R. _ (1995), 95 J.T.S. 158, a la pág. 362.
Dicho foro ha expresado que la decisión de declarar con lugar una moción de este tipo debe de estar precedida de un escrutinio cuidadoso y desapasionado de la prueba. De haber dudas, es preferible requerir que el demandado presente su caso. Rosselló Cruz v. García, 116 D.P.R. _, a la pág. 520; Vda. de Zayas v. Pepsi Cola, 114 D.P.R. _, a la pág. 773; Irizarry v. A.F.F., 93 D.P.R. _, a la pág. 421.
En la situación de autos, no estimamos que el Tribunal abusara de su discreción al denegar la moción del peticionario. Lo cierto es que la moción del peticionario estaba más bien predicada en la exclusión de la prueba pericial de los recurridos. El Tribunal de Primera Instancia, no obstante, decidió reconsiderar dicho dictamen y permitir dicha prueba. No estimamos que esta actuación hubiera constituido un abuso de discreción.
Lo cierto es que, contrario a la apreciación inicial del Tribunal, no existe base para descartar de antemano que el perito anunciado por los recurridos no pueda ser cualificado como tal, sólo por ser médico generalista. Véase, Dye-Tex Puerto Rico, Inc. v. Royal Insurance Company of Puerto Rico, Inc., _ D.P.R. _ (2000), 2000 J.T.S. 67, a la pág. 934. Tampoco está claro que el Tribunal hubiera errado al concluir que la incomparecencia del testigo, quien aparentemente no había sido citado, no constituia una base razonable para privar a la parte recurrida de la oportunidad de presentar dicha prueba. Compárese, Valentín González v. Crespo Torres, 145 D.P.R. _ (1998), 98 J.T.S. 84, a la pág. 1,239.
El peticionario se queja de que el Tribunal permitiera la presentación del perito de los recurridos, luego de que dicha parte hubiera dado su caso por sometido. La Regla 43 (C) de las de Evidencia, 32 L.P.R.A. Ap. IV, R. 43 (C), confiere control y amplia discreción al foro de Primera Instancia para determinar el modo en que la prueba es presentada y los testigos son interrogados, "con miras a que la evidencia sea presentada en la forma más efectiva posible para el esclarecimiento de la verdad." El Tribunal Supremo de Puerto Rico ha aclarado que el Tribunal goza de facultad, incluso para permitir el re-examen de un testigo que ya ha sido interrogado por ambas partes. Pueblo v. Ríos Nogueras, 114 D.P.R. 256, 260 (1983); Pueblo v. Castillo Torres, 107 D.P.R. 551, 553-554(1978).
Toda vez que la moción de desestimación del peticionario resulta técnicamente prematura al permitirse la reapertura del desfile de la evidencia de los recurridos para la presentación de su testigo pericial, y que hemos concluido que el Tribunal no abusó de su discreción al permitir dicho testimonio, debemos denegar el certiorari solicitado.
Por los fundamentos expresados, se deniega el auto solicitado.
*565 Lo pronunció el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General