Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CARMEN M. LEÓN SERRANO Y OTROS<br><br>Apelante<br><br>v.<br><br>GARAJE PICHON HIJO CORP.<br><br>Apelado | KLAN202400765 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Camuy<br><br>Caso Núm.: HA2023CV00220<br><br>Sobre: Desahucio en precario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparecen Carmen M. León Serrano y la Sucesión de Antonio Rosa González compuesta por Carmen M. León Serrano y José Rosa León (apelantes) y nos solicitan la revocación de la *Sentencia* notificada el 7 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Camuy (TPI o foro primario). En esta, el foro primario desestimó sin perjuicio la demanda de epígrafe, según autoriza la Regla 39.2 (c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 39.2 (c).

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado. Veamos.

**I.**

El 31 de julio de 2023, la señora Carmen M. León Serrano (señora León Serrano) y el señor José Rosa León (señor Rosa León) instaron la demanda de epígrafe,[1] contra Garaje Pichón Hijo, Corp.

---

[1] Cabe señalar que, mediante el epígrafe de la *Demanda* se identifica como parte demandada a la Sra. Mary L. Rosa Talavera (señora Rosa Talavera). Según surge del expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial, entrada núm. 8, el 16 de agosto de 2023, la parte demandante presentó una *Moción Informativa* donde

(GPH o apelado), en calidad de dueños de un solar sito en el Municipio de Hatillo que se describe a continuación:

> R[ú]stica: Solar n[ú]mero ocho (8): Radicado en el barrio Carrizalez del t[é]rmino municipal de Hatillo, Puerto Rico. Con una cabida superficial de DOCE MIL CUARENTA METROS CON NOVENTA Y SEIS C[É]NTIMOS DE METRO CUADRADO (12.040.96 MC) equivalentes a TRES PUNTO CERO SEIS TRES SEIS CUERDAS DE TERRENO (3.0636 CDA) en lindes al Norte, con solar número seis (6) del plano de inscripción; al Sur, con solar número tres "A" (3A) (remanente) del plano de inscripción; al Este, con Manuel Álvarez Núñez; al Oeste, con faja "A" dedicada a uso público.

> Procede de finca inscrita al folio ciento diez (110) del tomo cuarenta y siete (47) de Hatillo, finca número dos mil cuatrocientos cincuenta y ocho (2,458).
> Catastro: 011-073-193-12-000.[2]

En su reclamación expusieron que, dentro del referido solar, GPH opera un negocio dedicado a la reparación de vehículos. Alegaron que, además del espacio dedicado al negocio, GPH ocupa aproximadamente una cuerda del referido terreno, con el fin de utilizarlo como estacionamiento de los vehículos que se reparan en el referido negocio. Ello, sin el consentimiento de los dueños y sin pagar canon de renta. Consecuentemente, solicitaron el desalojo de GPH de dicha área, más el pago de costas, gastos y honorarios de abogado.

En respuesta, GPH presentó una primera *Moción de desestimación*[3] en la que indicó que, la propiedad en controversia pertenece a la Sucesión de Luis Alberto Rosa León. Sostuvo que, los apelantes, son integrantes de la referida sucesión. Sin embargo, indicó que, falta incluir a la señora Rosa Talavera como parte indispensable, porque ella es la viuda, a quien le pertenece una estructura de carácter ganancial, situada en el mismo terreno. En su consecuencia, GPH solicitó la desestimación de la causa instada.

---

indica que, por error e inadvertencia en el epígrafe se identificó, de forma errónea, a la parte demandada, por lo que junto a dicha moción instó la *Demanda Enmendada* para subsanar el error correspondiente.
[2] Apéndice, págs. 1-2.
[3] Apéndice, págs. 3-4.

A lo antes se opusieron los apelantes. En su *Moción en oposición de desestimación*[4] discutieron que, a la señora Rosa Talavera, solo se le confiere el usufructo viudal, lo cual no impide actos de administración, sobre los bienes del caudal, por parte de los herederos. Atendidas las posturas de las partes, el TPI declaró no ha lugar la referida moción dispositiva y ordenó la continuación de los procesos.[5]

Superada la etapa inicial, GPH acreditó su alegación responsiva el 16 de febrero de 2024. Resaltó que, GPH es arrendatario de la propiedad en controversia, por virtud de un contrato de arrendamiento y el canon mensual es de $1,601.00. Explicó que, en virtud de un acuerdo, estuvo pagando cánones de arrendamiento de $1,601.00 mensuales mediante el pago de un préstamo de la sucesión de dos causantes, Antonio Rosa González y Luis Alberto Rosa León. A su entender, se acordó que, una vez saldado el préstamo se comenzaría a pagar el canon de renta a ambas sucesiones. Informó que, la propiedad objeto de esta causa de acción, forma parte de un predio de mayor cabida y colinda con otra propiedad del causante, Luis Alberto Rosa León. Abundó que, la sucesión de éste es dueña de un 50% y el otro 50% le pertenece a la viuda, señora Rosa Talavera. Informó que, los predios mencionados, en unión a otros bienes, forman parte de las controversias pendientes, en el caso número CFAC2017-0010, sobre la partición y adjudicación de bienes hereditarios de las sucesiones de Antonio Rosa González y Luis Alberto Rosa León. Por consiguiente, a su entender, resulta improcedente el reclamo del desahucio sobre una cuerda del terreno en disputa, cuando no se ha establecido lo que le corresponde a los herederos y a la viuda, la señora Rosa Talavera.

---

[4] Apéndice, págs. 5-10.
[5] Apéndice págs. 11 -17. Véase *Resolución* notificada el 14 de diciembre de 2023.

Con posterioridad, GPH presentó otra moción en la que solicitó la desestimación del caso o la conversión del pleito de naturaleza sumaria, a uno de índole ordinario.[6] En cuanto a la desestimación solicitada, reiteró que, los apelantes carecían de legitimación activa y faltaba incluir partes indispensables. Afirmó que, en el caso sobre la partición de la comunidad hereditaria (CFAC2017-0010), los apelantes solicitan la coadministración del negocio de GPH, porque los activos de GPH forman parte del caudal hereditario en disputa. A lo antes añadió que, existe un conflicto de titularidad sobre la totalidad del predio, porque existe controversia sobre quiénes son los titulares de los activos de la corporación en disputa. Dado que, existe conflicto de titularidad, sobre los activos del caudal, sujeto a la partición que se dilucida en el otro pleito, solicitó la consolidación de la presente causa, con el caso número CFAC2017-0010. A lo antes, se opusieron los apelantes.[7]

Evaluada esta segunda solicitud de desestimación, intitulada *Desestimación o conversión a Pleito Ordinario*, el TPI la declaró no ha lugar mediante *Resolución* emitida el 3 de julio de 2024 y notificada el 8 de julio de 2024.[8]

Así las cosas y tras la celebración del juicio en su fondo, en la que únicamente testificó el señor Rosa León, el TPI emitió el dictamen apelado.

En la *Sentencia* apelada, el foro primario consignó que, durante el testimonio del señor Rosa León, éste se limitó a declarar que residía en el barrio Carrizales, sector Rosa, del municipio de Hatillo, en una propiedad que le pertenece a él y a su madre, el cual mide tres (3) cuerdas con siete (7) céntimos. El TPI indicó que el señor Rosa León declaró que, la GPH está utilizando

---

[6] Apéndice págs. 20-26.
[7] Apéndice págs. 27-35.
[8] Apéndice, págs. 36-46.

aproximadamente dos (2) cuerdas como un estacionamiento sin suscribir un contrato y sin la autorización de los dueños. Solicitó al TPI que, ordenara el desalojo de GPH del terreno, para poder venderlo o alquilarlo.

En su dictamen, el TPI destacó que, durante el juicio los apelantes no establecieron la titularidad sobre el predio en controversia. De esta forma, la única prueba que presentaron los apelantes tendentes a demostrar que, eran dueños de la finca, cuyo desahucio solicitan, se limitó al testimonio del señor Rosa León, quien adujo que era dueño de la finca junto a su madre por "herencia de su papá". No obstante, el foro primario indicó que, no recibió prueba sobre quién era el referido causante, ni prueba que constatara efectivamente los componentes de dicha sucesión. En este extremo, expuso que, de los autos se desprenden dos sucesiones con interés sobre el referido predio, las sucesiones de Antonio Rosa González y Luis Alberto Rosa León, lo cual, de la prueba presentada, no fue aclarado. Concluyó que, la prueba fue insuficiente para reconocerles la legitimación activa a los apelantes para así autorizar el desahucio solicitado.

Por otra parte, el TPI dictaminó que, la prueba presentada por los apelantes fue insuficiente para identificar el objeto del desahucio. A esos fines, dispuso que, el testimonio del señor Rosa León se limitó a establecer que, residía en el barrio Carrizales, sector Rosa, del municipio de Hatillo, en una propiedad donde reside con su madre y que mide tres (3) cuerdas con siete (7) céntimos, de las cuales alegó que, la GPH está utilizando aproximadamente dos (2) cuerdas como estacionamiento. Sin embargo, mediante dicho testimonio no se establecieron los linderos de la propiedad, así como la porción de esta que se encuentra siendo utilizada por GPH, a fin de poder confeccionar un dictamen claro y adecuado, sobre donde

ubica y qué es lo que se está solicitando desahuciar. Basado en lo antes, desestimó sin perjuicio la demanda instada.

Inconforme, los apelantes acuden ante esta Curia y señalan los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda bajo la Regla 39.2(c) de Procedimiento Civil.
>
> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda aún cuando la única prueba admitida en el pleito y que no fue impugnada de ninguna manera es que los demandantes son los dueños del predio.
>
> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda al indicar que la parte demandante no delimitó o describió el predio, aún cuando esto no es una requisi[t]o en los casos de desahucio.

Es preciso señalar que, a pesar de la oportunidad brindada para acreditar la transcripción de la prueba oral, los apelantes no cumplieron. En particular, al transcurrir los términos dispuestos, la parte apelante solicitó prórroga. Ello, sin cumplir la Regla 72 (B) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B. Además, no acreditó justa causa por su incumplimiento, mediante la referida *Moción de Prórroga*. En esta se limitó a expresar lo siguiente: "1. Que en el presente caso este honorable tribunal emitió una orden en la cual se requería que se presentara la transcripción de los incidentes relacionados al juicio. 2. Que el tribunal de Camuy nos ha indicado lo requerido para brindarnos copia de la grabación de los procedimientos. 3. Sin embargo, por compromisos profesionales no hemos podido presentarnos al tribunal de Camuy para obtener la grabación de los procedimientos. 4. Ante esta situación se solicita a este tribunal nos brinde un término final de cuarenta y cinco días a partir de la orden para presentar ante este tribunal la transcripción de la prueba oral."[9] Por su parte, el apelado

---

[9] Véase nuestras *Resoluciones* del 21 de agosto de 2024, el 4 de octubre de 2024 y 7 de octubre de 2024, respectivamente.

acreditó su alegato en oposición, por lo que, con el beneficio de las comparecencias de ambas partes procedemos a resolver.

**II.**

### A. El desahucio

Como se sabe, la acción de desahucio es el procedimiento especial de carácter sumario que tiene el dueño de una finca para recuperar judicialmente la posesión de un inmueble. *SLG Ortiz-Mateo v. ELA*, 211 DPR 772, 799 (2023). La acción de desahucio está reglamentada por el Artículo 725 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7863, y por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. Su objetivo es devolverle la posesión de hecho de un inmueble al dueño mediante el lanzamiento o expulsión del arrendatario o precarista que detenta la propiedad sin pagar el canon correspondiente. *SLG Ortiz-Mateo v. ELA,* supra, págs. 799-800.

Cabe señalar que, la acción de desahucio se tramita sumariamente, en respuesta al interés del Estado de atender con prontitud la reclamación del dueño de un inmueble de recobrar la posesión y disfrute de su propiedad. *Íd.* Cónsono con lo anterior, la Ley Núm. 86-2011, enmendó el Artículo 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831, con el objetivo de reducir el término para apelar una determinación del tribunal que autoriza el desahucio. A esos efectos, el Artículo 629 del Código de Enjuiciamiento Civil, *supra,* dispone:

> [l]as apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

Sobre la naturaleza sumaria de la acción de desahucio, el Tribunal Supremo ha expresado que:

> [l]a característica medular de un procedimiento civil sumario es lograr, lo más rápido y económicamente posible, la reivindicación de determinados derechos,

reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales. Conlleva acortar términos -en ocasiones, hacerlos improrrogables- y prescindir de ciertos trámites comunes al proceso ordinario sin negar al demandado o querellado una oportunidad real de presentar efectivamente sus defensas. Se acepta que estos procedimientos sumarios, en el fondo, constituyen unos tratos privilegiados y que su justificación responde a un interés gubernamental legítimo de atender prioritariamente ciertas causas de acción. Por ser la excepción, su aplicación está limitada a situaciones expresas en que la Asamblea Legislativa ha reconocido la necesidad y trascendencia de reparar, en un breve plazo, algún agravio. *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 234 (1992).

### B. La Regla 39.2(c) de Procedimiento Civil

La Regla 39.2(c) de Procedimiento Civil (32 LPRA Ap. V) le permite a la parte demandada, sin necesidad de presentar su prueba, solicitar la desestimación de un pleito contra la prueba ofrecida por el demandante. Sin embargo, esta solicitud de desestimación solo procede cuando el juzgador queda convencido de que el demandante no puede prevalecer. *Roselló Cruz v. García,* 116 DPR 511, 520 (1985); Irizarry *v. A.F.F.*, 93 DPR 416, 521 (1966). A esos efectos, la Regla 39.2(c) de Procedimiento Civil, *supra,* dispone:

> Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 de este apéndice y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

El Tribunal Supremo de Puerto Rico ha reiterado que ante una solicitud de *non suit,* los tribunales deben aquilatar la prueba presentada por la parte demandante, otorgarle la credibilidad que merezca la prueba mencionada y formular la apreciación de los

hechos. Véase, *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 916 (2011); *Romero Arroyo y otros v. E.L.A.*, 139 DPR 576, 579 (1995), y demás casos allí citados. Les corresponde a los tribunales determinar si la prueba presentada por la parte demandante cumple los requisitos de la causa de acción incoada. *Rivera Figueroa v. The Fuller Brush Co.*, supra. La facultad que tienen los tribunales para desestimar un pleito en esta etapa de los procedimientos debe ejercitarse luego de un análisis "sereno y cuidadoso de la prueba, y en caso de duda, es preferible requerir al demandado para que presente su caso". *Colombani v. Gob. Municipal de Bayamón*, 100 DPR 120, 122 (1971); *Irizarry v. A.F.F.*, supra.

La determinación del tribunal sobre la procedencia de una solicitud de desestimación al amparo de esta Regla dependerá de *la apreciación* de la prueba que realice el tribunal sentenciador. *Rivera Figueroa v. The Fuller Brush Co.*, supra. Por lo tanto, debemos recordar que los tribunales apelativos de ordinario no intervienen con la apreciación de la prueba del tribunal revisado. *Íd.*; *Romero Arroyo y otros v. E.L.A.*, supra, pág. 585. La excepción a esta norma es que la parte afectada demuestre la existencia de pasión, prejuicio o error manifiesto por parte del foro primario. *Íd.* El Tribunal Supremo de Puerto Rico apuntó que estas alegaciones no deben hacerse ligeramente, sino que deben estar sustentadas con prueba suficiente. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 775 (2013).

Por otro lado, la Regla 110 de Evidencia (32 LPRA Ap. VI) establece los principios que deben seguir los tribunales para evaluar la prueba presentada por las partes. El peso de la prueba lo tiene "la parte que resultaría vencida de no presentarse evidencia por alguna de las partes". Regla 110(A) de Evidencia (32 LPRA Ap. VI). Sin embargo, la parte que sostiene la afirmativa en un asunto en controversia tiene la obligación de ser el primero en presentar la

prueba. Regla 110(B) de Evidencia (32 LPRA Ap. VI). La jurisprudencia ha señalado que la declaración sobre un hecho determinado por parte de un testigo no impugnado debe ser merecedora de crédito. La excepción a esta norma es: una versión físicamente imposible e inverosímil; o una conducta del testigo que lo convierta en una persona no digna de crédito. *Miranda Soto v. Mena*, 109 DPR 473, 482 (1980); véase, además, Regla 110(D) de Evidencia (32 LPRA Ap. VI) y *S.L.G. Vázquez v. De Jesús, Vélez*, 180 DPR 387, 413 (2010).

**III.**

En el presente recurso, la parte apelante plantea que, el foro primario erró al declarar no ha lugar la demanda instada y, en su consecuencia, desestimar la causa de acción sin perjuicio. En esencia, argumenta que, como cuestión de derecho, no procedía desestimar la demanda bajo la Regla 39.2 (c) de las Reglas de Procedimiento Civil, *supra*, porque la prueba presentada no fue impugnada. A su entender, cumplió lo requerido en ley y con el *quantum* de prueba necesario para prevalecer en su reclamo de desahucio por la vía sumaria. En la alternativa, sostiene que, el TPI se equivocó al exigir que, la parte apelante estableciera su legitimación activa y titularidad con otra prueba, así como, la delimitación de la propiedad objeto de desahucio. Tras evaluar sosegadamente el recurso presentado, colegimos que, el foro primario no incidió en su determinación. Veamos.

GPH sostiene que, los apelantes no lograron rebatir la presunción de corrección del pronunciamiento judicial y la apreciación de la prueba realizada por el TPI. Destacó que, en ausencia de una transcripción de la prueba oral, los apelantes tampoco han puesto a esta Curia en posición para así hacerlo.

En primer lugar es necesario señalar que, precisamente la parte apelante reconoce y acepta que, el señor Rosa León declaró

que es copropietario de la propiedad objeto de la demanda, que GPH utiliza "aproximadamente" dos (2) cuerdas como estacionamiento y que no se ha autorizado dicho uso ni se ha firmado contrato de arrendamiento para ello. En su alegato, la parte apelante no cuestiona el resumen de dicho testimonio según consignado por el TPI en la *Sentencia* apelada. Lo que sí cuestiona es el dictamen cuando es un hecho que, GPH no contrainterrogó el testigo y tampoco presentó prueba alguna que pudiera establecer un conflicto de título en este caso. A esos efectos y dentro de un procedimiento de naturaleza sumaria, cuyo propósito es recobrar la posesión del bien inmueble, argumentó que, el TPI erró al no reconocer que, la parte apelante cumplió lo mínimo requerido en ley para establecer su reclamo.

Ahora bien y no obstante lo anterior, de nuestro análisis colegimos que, la propia parte apelante admite en su alegato que, no se presentó prueba alguna con el fin de establecer las delimitaciones del área ocupado por GPH dentro de una finca de mayor cabida. Como parte de sus argumentos indica que, requerir este tipo de evidencia sería una "carga irrazonable". Fundamentándose en lo antes, arguyó que, el TPI incidió al requerir que se estableciera una descripción fehaciente del lugar sujeto a desahucio. No le asiste la razón. Nos explicamos.

En lo relativo a la prueba presentada, resulta necesario apuntalar que, la parte que procura la revisión de la apreciación de la prueba testifical desfilada ante el foro primario debe comparecer ante este Tribunal de Apelaciones dentro de los diez días de presentado el recurso de apelación para manifestar que se propone presentar y reproducir la prueba oral. Regla 76 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.76. Aunque la parte apelante cumplió con el requisito reglamentario de notificar el método de reproducción de la prueba oral, no presentó la misma.

En nuestro ordenamiento jurídico se presume que los tribunales actúan con corrección, por lo que compete a la parte apelante la obligación de demostrar lo contrario. *Morán v. Martí,* 165 DPR 356 (2005). Al hacerlo, el apelante tiene "la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia". *Íd.*, pág. 367. Asimismo, es norma reiterada que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos". Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Véase, *Ortiz Ortiz v. Medtronic* 209 DPR 759, 778-779 (2022); *Suárez Cáceres v. Com. Estatal Elecciones,* 176 DPR 31 (2009); *Colón v. Lotería,* 167 DPR 625 (2006). Ahora bien, a pesar de que la parte apelante no cumplió nuestro requerimiento, colegimos de su alegato que, la transcripción no hubiera revelado algo distinto de lo relatado por la propia parte apelante en su alegato. Dado que, la parte apelante admite que no presentó prueba sobre la delimitación del predio objeto de desahucio, nuestra revisión queda limitada a corroborar si el foro primario adjudicó la causa conforme a derecho. *Álvarez v. Rivera,* 165 DPR 1, 13 (2005).

Tras ejercer nuestras funciones revisoras, intimamos que, la sentencia apelada responde a una adecuada interpretación y aplicación del derecho pertinente al caso ante nos. Habiendo examinado sosegadamente el expediente, nos resulta evidente y según lo expresamente dispuesto por el tribunal sentenciador, no tenemos el beneficio de una mínima descripción del predio objeto de la causa. No está en controversia que, dentro de referido predio, GPH opera un negocio y no se cuestiona la posesión de GPH sobre el

terreno ocupado para ello. La parte apelante interesa recobrar la posesión del área del negocio que se identifica como el estacionamiento, donde presuntamente, también opera GPH. Sin embargo, no surge de la evidencia presentada, cuál es la extensión de terreno que GPH ocupa para el negocio en distinción del área objetada por los apelantes que, a su vez, resulta ser un área denominado por ellos, como un estacionamiento. Tampoco se desprende alguna descripción del predio mayor y cómo distinguirlo de la parte del predio en disputa. Ante ello, coincidimos con que, en efecto, la parte apelante carece de apoyo legal y fáctico para prevalecer en los argumentos que expone sobre este asunto en particular. Destacamos que, conforme el expediente, la parte apelante no proveyó la prueba necesaria para mover el criterio judicial pertinente a resolver a su favor sobre el elemento esencial de identificación del predio sujeto al desahucio. De hecho, así lo admite la parte apelante en su alegato en apelación y sostiene que sería irrazonable requerir mayor evidencia a esos efectos. No le asiste la razón. Nada de lo intimado por el foro primario en su pronunciamiento indica que, lo requerido podría rebasar los parámetros de razonabilidad.

De otra parte, es preciso destacar que, aun si aceptáramos que los apelantes acreditaron su legitimación activa en este caso, (ante la aceptación de GPH sobre los derechos hereditarios envueltos), nos resulta evidente que, el TPI correctamente concluyó que, la carencia de prueba testifical o documental sobre la demarcación o descripción mínima, correspondiente al inmueble en controversia, impide la efectiva ejecución de un mandamiento sobre desahucio por la vía sumaria.

Ante la manifiesta ausencia de prueba, sobre tal consideración, el foro primario no incidió en su aplicación de la Regla 39.2 (c), *supra,* sobre el caso y controversia sometida ante su

consideración por la vía sumaria. Como bien señala la parte apelada, el foro primario actuó dentro de sus facultades adjudicativas y su curso de acción de ordenar la desestimación <u>sin perjuicio</u> de la demanda, según presentada, fue el más razonable y justiciero.

**IV.**

Por todo lo antes expuesto, resolvemos confirmar la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
