ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JULIO A. TORRES GONZALEZ<br><br>Demandante-Apelante<br><br>v.<br><br>SERVICIOS DE SALUD DEL NORTE, INC., FARMACIA DEL CENTRO, INC., LABORATORIO CLINICO VILLA LOS SANTOS, INC., VILLA LOS SANTOS ADVANTAGE, INC.<br><br>Demandados-Apelados<br><br>MARÍA JOSEFA GONZÁLEZ AGRASO, VÍCTOR LUIS PÉREZ ORENGO<br><br>Interventores-Apelados | TA2025AP00237 | *APELACION CIVIL* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2025CV00490<br><br>Sobre: Injunction Estatutario; Art. 7.10 de la Ley General de Corporaciones |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de octubre de 2025.

Comparece Julio A. Torres González ("señor Torres González" o "Apelante") mediante *Apelación* y nos solicita que revoquemos una *Sentencia* emitida el 23 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI"). En virtud del referido dictamen, el TPI desestimó la Demanda de *injunction* estatutario instada por el apelante bajo el Art. 7.10 de la Ley de Corporaciones, para obtener acceso a los libros y cuentas de Servicios de Salud del Norte, Inc., Farmacia del Centro, Inc., Laboratorio Clínico Villa Los Santos, Inc. y Villa Los Santos Advantage, Inc. ("Corporaciones"), ya que no logró evidenciar su calidad de accionista.

Por los fundamentos que proceden, se *confirma* el dictamen apelado.

# I.

El 18 de marzo de 2025, el señor Torres González presentó una petición sobre *Injunction* Estatutario, al amparo del Art. 7.10 de la Ley General de Corporaciones, *supra*, en contra de las Corporaciones. Adujo que, como accionista, tenía derecho a obtener acceso a los libros corporativos. No obstante, sostuvo que, a pesar de haber realizado una petición jurada de información, en la cual expuso un propósito válido para el examen, la misma fue denegada por los oficiales corporativos.

Posteriormente, el 31 de marzo de 2025, las Corporaciones instaron una *Solicitud de Desestimación*, en virtud de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2 (5). Manifestaron que el *injunction* estatutario resultaba improcedente, ya que había transcurrido más de un año desde que habían denegado la solicitud del señor Torres González. Detallaron que, el Art. 7.10 de la Ley de Corporaciones, *supra*, dispone que, el interdicto debe ser solicitado dentro de cinco (5) días, contados a partir de la desatención de la solicitud de acceso a los libros. A esos efectos, arguyeron que el señor Torres González no podía peticionarle al foro de instancia un trámite acelerado, privilegiado y urgente, como lo es el procedimiento de *injunction*.

Por otro lado, ese mismo día, los doctores María J. González Agraso y Víctor L. Pérez Orengo, como directores y accionistas principales de las Corporaciones, comparecieron mediante una *Solicitud de Intervención*. Detallaron que, lo que se dilucidara y resolviera sobre el *injunction* los impactaría, ya que a ellos les correspondería dar curso a lo que eventualmente dictara el TPI.

El 1 de abril de 2025, el apelante notificó su oposición a la intervención peticionada por los doctores González Agraso y Pérez Orengo. Manifestó que la intervención resulta improcedente, ya que no se reclama remedio alguno contra los doctores.

Aquilatadas las solicitudes de intervención y desestimación, el foro de instancia las denegó, respectivamente, mediante Resoluciones emitidas el 2 de mayo de 2025.

Inconformes, el 5 de mayo de 2025, las Corporaciones presentaron una *Solicitud de Reconsideración*. En lo aquí pertinente, expresaron que la *Resolución* dictada no tomó en consideración las exigencias del Artículo 7.10 de la Ley de Corporaciones, *supra*. De manera específica, arguyeron que el señor Torres González no señaló propósitos válidos para el acceso a los libros.

Añadieron que el apelante no había evidenciado su condición de accionista. Particularmente, hicieron alusión al caso de *Iustitia Capital LLC v. Servicios de Salud del Norte, Inc. y otros,* Civil Núm. AR2022CV00748. Señalaron que, bajo el precitado pleito, el apelante alegó que Iustitia Capital era accionista de las Corporaciones. Notaron que, sin embargo, en el caso de autos, el señor Torres González no había acreditado bajo juramento que es él, y no Iustitia Capital, poseedor de la participación de 40% en las Corporaciones. Como resultado, esbozaron que la parte apelante había presentado un recurso interdictal al amparo del Artículo 7.10 de la Ley de Corporaciones, *supra*, en desatención de los requisitos del aludido estatuto.

En igual fecha, los doctores González Agraso y Pérez Orengo instaron una *Moción de Reconsideración*, con relación a la denegatoria a la solicitud de intervención. Destacaron que las Corporaciones son todas corporaciones de familia, creadas por ellos, donde no existen más accionistas cuyos intereses podrían verse afectados. Relataron que, para beneficiar en vida a su hijo, el señor Torres González, le donaron una participación de 40% en las Corporaciones. Sin embargo, alegaron que, poco después, la parte apelante inició un patrón de hostigamiento en su contra, el cual incluye una serie de pleitos frívolos. Así, pues, razonaron que el caso

de marras involucra exclusivamente un asunto estrictamente familiar. Destacaron, además, que serían ellos quienes, a fin de cuentas, quedarán afectados en su plano personal por la determinación del foro de instancia.

El 22 de mayo de 2025, el señor Torres González presentó su *Oposición a Moción de Reconsideración de Peticionantes Interventores [E52]*. En resumidas cuentas, expresó que la reconsideración debía ser rechazada, ya que de la misma no surgían nuevos argumentos.

Por otra parte, el 23 de mayo de 2025, el apelante notificó su *Oposición a Moción de Reconsideración de las Corporaciones Demandadas [E50]*. Puntualizó que la solicitud de desestimación fue instada bajo la Regla 10.2 (5) de Procedimiento Civil, *supra*. Así dispuesto, arguyó que, tomando como ciertos todos los hechos bien alegados, no procedía la desestimación.

El 5 de junio de 2025, notificada el día siguiente, el TPI emitió una *Resolución Interlocutoria*. En virtud de la misma declaró Ha Lugar la reconsideración peticionada por los doctores González Agraso y Pérez Orengo y, como resultado, autorizó su intervención.

Por otra parte, el 9 de junio de 2025, el foro de instancia dictaminó una *Resolución*, mediante la cual declaró No Ha Lugar la reconsideración instada por las Corporaciones. El TPI razonó que, tomando como ciertas las alegaciones de la demanda, el señor Torres González cumplía con los requisitos del Art. 7.10 de la Ley de Corporaciones, *supra*.

El 13 de junio de 2025 se celebró la Vista de *Injunction*, a la cual comparecieron las Corporaciones, los interventores y el señor Torres González. Como parte de la prueba documental desfilada por la parte apelante, figuraban los certificados de acciones y las peticiones juradas de información. A su vez, la vista contó con el testimonio del señor Torres González.

Culminado el desfile de prueba, los interventores presentaron una moción *non suit* al amparo de la Regla 39.2 (C) de Procedimiento Civil, 31 LPRA Ap. V., R. 39.2 (C), a la cual se les unieron las Corporaciones. En síntesis, los interventores argumentaron que el señor Torres González no había logrado acreditar que, al momento, ostentaba la titularidad de las acciones de las Corporaciones. Aquilatado el testimonio vertido por el señor Torres González, así como la prueba documental desfilada, el foro de instancia, en corte abierta, declaró Ha Lugar la solicitud de desestimación.

Consecuentemente, el 23 de julio de 2025, el foro de instancia emitió la *Sentencia* correspondiente. En lo aquí pertinente, detalló que en el año 2010 las Corporaciones expidieron certificados, los cuales representaban un 40% de las acciones corporativas, a favor del señor Torres González. Explicó que, para el 2021, la parte apelante organizó una empresa de nombre Iustitia Capital, LLC. y le transfirió la totalidad de las acciones que poseía en las Corporaciones. Destacó que, a pesar de que el señor Torres González manifestó haber transferido a su persona las acciones, no presentó evidencia a esos efectos, o tan siquiera especificó mediante qué tipo de transacción realizó dicha transferencia. Por tanto, concluyó que el apelante no logró probar su condición de accionista, según exige el Art. 7.10 de la Ley de Corporación.

Inconforme, el 13 de agosto de 2025, el señor Torres González acudió ante nos mediante *Apelación*. El apelante le imputa al foro de instancia la comisión de los siguientes errores:

**Erró el Tribunal De Instancia al desestimar bajo la Regla 39.2 (C) la Demanda cuando Torres González claramente presentó prueba de todos los elementos dispuestos por el Artículo 7.10 de la Ley General De Corporaciones que acreditan su derecho de acceso a información y la emisión de un injunction estatutario contra las corporaciones como remedio.**

**Erró el Tribunal de Instancia al tomar conocimiento judicial del caso de Iustitia, pero no reconocer ni identificar que los apelados estaban impedidos bajo**

**las doctrinas aplicables de negar la calidad de accionista de Torres González en las Corporaciones.**

**Erró el Tribunal de Instancia al conceder la intervención de la Dra. González Agraso Y El Dr. Pérez Orengo en un pleito de injunction estatutario de información contra las Corporaciones demandadas en el cual sus intereses no se ven afectados de forma alguna.**

El 7 de septiembre de 2025, las Corporaciones y los interventores instaron un *Alegato Conjunto en Oposición a la Apelación presentada por Julio A. Torres González.* Posteriormente, el 8 de septiembre de 2025, la parte apelante presentó la transcripción de la prueba oral ("TPO") vertida durante la vista de *injunction.* En igual fecha, la parte apelada instó una *Oposición a "Moción sometiendo Reproducción de la Prueba Oral" (SUMAC TA Entrada Núm. 4),* la cual declaramos No Ha Lugar. A su vez, ese mismo día, notificada el día siguiente, este Tribunal emitió una *Resolución* mediante la cual les concedimos a las partes un término para presentar sus alegatos suplementario.

Así las cosas, el 19 de septiembre de 2025, el señor Torres González notificó su *Alegato Suplementario.* El 29 de septiembre de 2025, los apelados notificaron su *Alegato Suplementario Conjunto de la Parte Apelada.* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

La Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, conocida como *Ley General de Corporaciones* ("Ley de Corporaciones"), 14 LPRA sec. 3501 *et seq.,* fue aprobada con el fin de agilizar la gestión corporativa y simplificar los trámites contemplados en la misma. Véase, *Exposición de Motivos* de la Ley de Corporaciones. Sabido es, que las corporaciones existen en virtud de una ficción jurídica instaurada a través de la Ley General de Corporaciones, la cual les faculta la realización o promoción de

cualquier negocio o propósito lícito. Art. 1.01 (b). 14 LPRA sec. 3501 (b).

Atinente a la controversia ante nosotros, el Art. 5.11 de la Ley General de Corporaciones establece que:

> Las **acciones de una corporación estarán representadas por certificados de acción**; disponiéndose, sin embargo, que la junta de directores de la corporación podrá determinar por resolución o resoluciones que algunas o todas de cualquiera o todas las clases o series de sus acciones, serán acciones sin certificado. 14 LPRA sec. 3561.

(Énfasis nuestro)

Como parte de los derechos reconocidos a los accionistas se encuentra el examen de los libros corporativos. El Art. 7.10 del referido estatuto, *supra*, regula lo relacionado al examen de los libros corporativos. Para efectos del Art. 7.10, *supra*, "accionista" significa:

> [A]ccionista inscrito en el registro de acciones de la corporación autorizada a emitir acciones, o una persona que es el beneficiario de un fideicomiso de votos en el cual están depositadas dichas acciones o miembros de corporaciones sin acciones de capital.

(Énfasis nuestro)

Ahora bien, el Art. 7.10 establece que "[c]ualquier accionista, por sí o por apoderado u otro agente" tendrá derecho a solicitar, mediante requerimiento jurado, examinar, para cualquier propósito válido, el registro de las acciones y los libros corporativos. *Íd.* A su vez, propósito válido "significará un propósito que se relacione razonablemente con el interés de la persona como accionista". *Íd.*

Asimismo, el artículo contempla que, en caso de que el accionista que solicita el examen sea distinto al accionista inscrito, "el requerimiento jurado deberá declarar su condición de accionista, **acompañarse de evidencia documental de su derecho de propiedad sobre la acción**, y declarar que la evidencia documental es copia veraz y correcta de lo que se aparenta probar". *Íd.* (Énfasis nuestro). En cambio, en caso de que un apoderado u otro agente

solicite el derecho de examen, "el requerimiento bajo juramento deberá **acompañarse con un poder u otro escrito que autorice al apoderado u otro agente a actuar de ese modo a nombre del accionista**". *Íd.* (Énfasis nuestro). Nuestro más alto foro ha aclarado que, se podrá utilizar prueba extrínseca para probar la titularidad de una acción. *Domenech v. Integration Corp. et al.*, 187 DPR 595, 617 (2013).

Si la corporación se negara a permitir la inspección solicitada, el accionista, su apoderado u otro agente, podrá acudir ante el TPI para solicitar que se emita una orden que obligue a la corporación a permitir dicha inspección. 14 LPRA sec. 3501 (b). De esta manera, "se le otorga jurisdicción exclusiva al Tribunal de Primera Instancia para determinar si la persona que solicita el examen tiene derecho o no al examen que se solicita". *Íd.*

El Tribunal Supremo ha expresado que, los accionistas, como dueños de la corporación, tienen un derecho a inspeccionar los libros y cuentas de la corporación para proteger sus intereses e investigar cómo se está manejando la corporación. *Herger et al. v. Calidad Vida Vecinal*, 190 DPR 1007, 1014 (2014). Sin embargo, el derecho de los accionistas a inspeccionar los libros y cuentas de la corporación no es absoluto. *Íd.*, pág. 1017; *Domenech v. Integration Corp. et al., supra*, pág. 617. La corporación se puede oponer al requerimiento de inspección del accionista, demostrando "que el propósito alegado es un pretexto y que el verdadero propósito no es válido según la Ley de Corporaciones". *Herger et al. v. Calidad Vida Vecinal, supra*, pág. 1018.

**-B-**

La tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende, en gran medida, de la exposición del juzgador de los hechos a la prueba presentada, lo cual incluye, ver el comportamiento del testigo y escuchar su voz, mientras ofrece su

testimonio. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* 209 DPR 759, 778 (2022). De ahí que, los tribunales apelativos no debemos intervenir con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, salvo que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Íd.* Cuando la alegación es de pasión, prejuicio o parcialidad, el llamado a los foros apelativos es verificar, primordialmente, si el juzgador de los hechos cumplió con su función de adjudicar de manera imparcial. *Gómez Márquez et al. v. El Oriental Inc.*, 203 DPR 783, 793 (2020). Solo así podremos apoyar sus determinaciones de hechos. *Íd.*

Por otro lado, constituye error manifiesto cuando, de un análisis de la totalidad de la evidencia, el foro apelativo se convence de que se cometió un error, independientemente de que exista evidencia que sostenga las conclusiones de hecho del Tribunal. *Íd.* De manera que, la facultad de los foros apelativos para sustituir el criterio de los tribunales de instancia se limita a aquellos escenarios, en los cuales, de la prueba admitida no surge base suficiente que apoye su determinación. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* supra. Como se sabe, las diferencias de criterio jurídico no alcanzan dicho estándar. *Íd.*

Ahora bien, cabe destacar que, en ausencia de evidencia oral, el Tribunal de Apelaciones carece de los elementos para descartar la apreciación razonada y fundamentada de la prueba que realizó el Tribunal de Primera Instancia. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011).

Como vemos, nuestro esquema probatorio está revestido de un manto de deferencia hacia las determinaciones de credibilidad que realizan los juzgadores de instancia, con respecto a la prueba testifical presentada ante sí. *Pueblo v. Arlequín Vélez,* 204 DPR 117,

146-147 (2020). Lo anterior, en reconocimiento a la oportunidad que tiene el foro primario de ver y observar a los testigos declarar, de poder apreciar sus gestos, titubeos, contradicciones, manerismos, dudas, vacilaciones con el efecto de ir formando gradualmente, en su conciencia, la convicción sobre si dicen o no la verdad. *Íd.*, págs. 857-858.

**-C-**

La Regla 39.2 (C) de Procedimiento Civil, *supra*, le permite a la parte demandada presentar una solicitud de desestimación, luego de desfilada la prueba de la parte demandante, bajo el fundamento de que este no tiene derecho a remedio alguno. En específico, la precitada regla dispone lo siguiente:

> (c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. [...]

Al resolver una moción contra la prueba o *non suit*, "el tribunal está autorizado, luego de que la parte demandante presente la prueba, a aquilatarla y a formular su apreciación de los hechos, según la credibilidad que le merezca la evidencia". *Rivera Figueroa v. The Fuller Brush Co*, 180 DPR 894, 916 (2011). No obstante, la facultad conferida "debe ejercitarse después de un escrutinio sereno y cuidadoso de la prueba y en caso de duda, es preferible requerir al demandado para que presente su caso". *Romero Arroyo y Otros v. E.L.A*, 139 DPR 576, 579 (1995), citando a *Irizarry v. AFF*, 93 DPR 416, 420-421 (1966); *Colombani v. Gob. Municipal de Bayamón*, 100 DPR 120, 121-122 (1971); *Roselló Cruz v. García*, 116 DPR 511, 520 (1985).

**-D-**

El mecanismo de intervención faculta la comparecencia de un tercero en una acción judicial previamente instada. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 320 (2012). En otras palabras, la intervención es "una disposición mediante la cual una persona que no es parte en el pleito comparece, voluntariamente o por necesidad, a presentar una reclamación o defensa [...] y convertirse de ese modo en parte para fines de la reclamación o defensa presentada". *Íd.*, págs. 320-321, citando a J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Publicaciones J.T.S., Tomo II, 2011, pág. 779.

Nuestro ordenamiento reconoce dos (2) tipos de intervención, a saber, la permisible y la intervención como cuestión de derecho. Como cuestión de derecho, una persona tendrá derecho a intervenir en un pleito, mediante oportuna solicitud, cuando: (1) por estatuto se le confiera un derecho incondicional a intervenir; o (2) el solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda quedar afectado con la disposición final del pleito. Regla 21.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.1. Por parte, una intervención será permisible cuando: (1) por ley se confiera un derecho condicional a intervenir; o (2) la reclamación o defensa de la persona solicitante y el pleito principal tengan en común una cuestión de hecho o de derecho. Regla 21.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.2.

Nuestro más Alto Foro ha establecido que los tribunales, al evaluar una solicitud de intervención, deben determinar si existe un interés que amerite protección y si ese interés quedaría afectado, como cuestión práctica, por la ausencia del interventor en el caso. *IG Builders et al. v. BBVAPR, supra*, pág. 321, citando a *S.L.G. Ortiz-Alvarado v. Great American*, 182 DPR 48, 80 (2011). El análisis realizado debe ser uno práctico y no conceptual, ya que el propósito

del mecanismo es proteger a aquellas personas con intereses variados, ya sea de índole legal o pecuniaria. *R. Mix Concrete v. R. Arellano & Co.,* 110 DPR 869, 873 (1981).

### III.

Mediante el primer error señalado, el apelante sostiene que el foro de instancia incidió al determinar que no cumple con las exigencias del Art. 7.10 de la Ley de Corporaciones, *supra*. De manera particular, arguye que cumple con los requisitos necesarios para expedir el interdicto estatutario y obtener acceso a los libros corporativos.

Por su parte, la parte apelada sostiene que el señor Torres González no acreditó su calidad de accionista, ni demostró tener un propósito válido para el examen de los libros, contrario a lo requerido por el Art. 7.10 de la Ley General de Corporaciones, *supra*. Más aun, puntualiza que, a pesar de que el apelante declaró que había readquirido las acciones, no evidenció cómo deshizo el contrato de transferencia o cómo las adquirió nuevamente.

Según hemos reseñado, el Art. 7.10 de la Ley General de Corporaciones, *supra*, establece ciertos requisitos para solicitar la inspección de los libros, a saber: (1) realizar la solicitud mediante requerimiento jurado; (2) consignar un propósito válido para la inspección; (3) evidenciar mediante prueba documental que, quien realiza la solicitud o la persona a quien representa, posee un derecho de propiedad sobre la acción, y; (4) declarar que la prueba documental es copia veraz y correcta de lo que se aparenta probar.

Tras un examen sosegado de la TPO, no encontramos indicio para intervenir con la apreciación de la prueba realizada por el foro de instancia. Conforme surge de la *Sentencia*, el TPI determinó lo siguiente:

> 33. La parte demandante declara que las acciones que la empresa Iustitia Capital había adquirido mediante contrato en las corporaciones demandadas, las había vuelto a transferir a su

persona. **No obstante, no establece mediante qué tipo de transacción hecha es que readquiere las acciones ni presenta documento alguno que sustente lo declarado.[1]**

El mero hecho de que el señor Torres González testificó que desistió de la transferencia de las acciones no demuestra que el negocio jurídico celebrado entre Iustitia y su persona fue revertido. Debido a la ausencia de evidencia que demuestre lo contrario, resulta forzoso concluir que las acciones permanecen a nombre de Iustitia Capital.

Siendo así, el señor González Torres no acreditó ostentar un derecho propietario sobre las acciones de las Corporaciones y, por tanto, carece de legitimación para solicitar acceso a los libros. Los requisitos esbozados por el Art. 7.10 de la Ley de Corporaciones, *supra*, son claros. Ante el incumplimiento del señor Torres González con los criterios exigidos por el estatuto, como cuestión de derecho, únicamente procedía la desestimación de la acción de epígrafe.

A través del segundo señalamiento de error, el apelante sostiene que aplica la doctrina de *estoppel*, ya que en el caso Civil. Núm. AR2022CV00748 las Corporaciones asumieron una postura contraria a la que ahora presentan. En específico, detalla que, en el precitado caso, las apeladas plantearon que la transferencia de acciones entre el señor Torres González e Iustitia Capital era nula e inexistente. Por tanto, razona que en el caso de marras no pueden negar que el señor Torres González ostenta la titularidad de las acciones corporativas.

Tal argumento se aleja de lo resuelto mediante la *Sentencia* aquí apelada y, por lo cual, no amerita una discusión profunda. Recordemos que nos encontramos ante una desestimación por insuficiencia de la prueba, al amparo de la Regla 39.2 de Procedimiento Civil, *supra.*

---

[1] Apéndice del recurso, Entrada Núm. 85, pág. 7.

En el caso de marras, le competía al señor Torres González evidenciar el cumplimiento con todos los requisitos del Art. 7.10 de la Ley de Corporaciones, *supra.* El foro de instancia, luego de aquilatar la prueba desfilada por el apelante, quien tenía el peso de la prueba, desestimó la petición. Es por ello que, las posturas contrarias presuntamente asumidas por las Corporaciones no inciden sobre la determinación realizada.

Finalmente, mediante el tercer señalamiento de error, el apelante cuestiona la intervención de los doctores González Agraso y Pérez Orengo en el pleito de epígrafe. A la luz del resultado aquí alcanzado, la discusión del referido error resulta inmeritoria.

No obstante, surge del expediente que los interventores lograron demostrar que, ante las circunstancias particulares del caso, ostentaban un derecho a intervenir. A su vez, quedó demostrado que la intervención no atrasó o afectó los procesos del pleito. Por todo lo cual, somos del criterio que el foro de instancia actuó conforme a derecho al autorizar la intervención.

**IV.**

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones